IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| CLEMENTINE WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11CV187–HEH |
| | ) |
| CHARLES CITY MEDICIAL GROUP, INC., | ) |
| and | ) |
| LERLA G. JOSEPH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
**(Granting Defendants' Motion to Set Aside Entry of Default; Denying Plaintiff's Motion for Default Judgment)**

This is an action for money damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. This matter is presently before the Court on Defendants' Motion to Set Aside Entry of Default and Plaintiff's Motion for Default Judgment. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated below, Defendants' Motion to Set Aside Entry of Default will be granted and Plaintiff's Motion for Default Judgment will be denied.

# I. BACKGROUND[1]

On March 24, 2011, Clementine Washington ("Plaintiff"), filed a complaint against Charles City Medical Group, Inc. and Dr. Lerla Joseph ("Charles City Medical" and "Dr. Joseph" respectively, or "Defendants" collectively). A summons was issued, and Defendants were served on April 5.

Defendants had until April 26, 2011 to respond to Plaintiff's complaint. By May 2, however, Defendants had not responded. As a result, Plaintiff filed a Request for Entry of Default, which the Clerk entered as to both Defendants on May 3, 2011.

Plaintiff moved for default judgment on May 6, 2011. That same day, Defendants filed a Motion to Set Aside Entry of Default. Plaintiff has responded to Defendants' motion. These matters are ripe for decision.

# II. ANALYSIS

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."

---

[1] The Court here recounts only those facts relevant to Defendants' Motion to Set Aside Entry of Default and Plaintiff's Motion for Default Judgment.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Notably, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420.

In this case, the relevant factors favor setting aside the Clerk's entry of default. First, Defendants have proffered evidence of a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed. 1983)).

Defendants assert that Dr. Joseph was never an employer of Plaintiff, and thus should not be named in the action. (Defs.' Mot. Set Aside 3, ECF No. 8.) If believed, this could establish that Dr. Joseph is not liable. Defendants further contend that Plaintiff was never authorized to work overtime during her period of employment with Charles City Medical. (Defs.' Mot. Set Aside 3.) The Affidavit of Dr. Joseph, attached to Defendants' Motion to Set Aside Entry of Default, supports this contention. (Defs.' Mot. Set Aside Ex. A ¶ 8.) Accordingly, Defendants have sufficiently shown a meritorious defense, which favors setting aside the default.

Second, Defendant acted with reasonable promptness upon learning that default had been entered. The Clerk entered default on May 3, 2011. On May 6, 2011 Plaintiff filed a motion for default judgment. However, on that same day, Defendants secured counsel, and moved to set aside the default. The record amply supports the conclusion that Defendants acted with reasonable promptness.

Third, setting aside the default would not prejudice Plaintiff. Plaintiff has no interest in finality which would be disrupted if the default was set aside, because default judgment has not been entered. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 420. To the extent that Plaintiff's time and effort expended in preparing her requests for default and default judgment constitutes prejudice, such inconvenience does not outweigh the interests of the Court and Defendants in permitting the case to be decided on the merits. Furthermore, the record does not indicate any history of dilatory action on Defendants' part.

The Fourth Circuit has counseled trial courts to grant default judgments sparingly. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (noting that Rule 55(c) should be liberally construed). Considering the relevant factors, the Court finds that Defendants should be granted an opportunity to defend themselves on the merits.

However, the Court also finds that Defendants should bear the costs and attorney's fees associated with filing for default and opposing the motion to set aside default. In addition to the factors mentioned above, in considering a motion to set aside default, this Court must also consider the availability of a less drastic sanction than entering default judgment. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. Awarding Plaintiff

attorney's fees and costs associated with the entry of default constitutes a less drastic sanction and is appropriate in this case. *See id.* at 418.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Entry of Default will be granted and Plaintiff's Motion for Default Judgment will be denied. Reasonable attorney's fees and costs incurred by Plaintiff in connection with seeking an entry of default, moving for default judgment, and defending the motion to set aside default shall be borne by Defendants.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 3, 2011
Richmond, VA

5