UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLEMENTINE WASHINGTON**

    **Plaintiff,**
    v.                                        **CIVIL ACTION No. 3:11CV187**

**CHARLES CITY MEDICAL GROUP, INC.**

and

**LERLA JOSEPH**

    **Defendants,**

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant's, CHARLES CITY MEDICAL GROUP, INC. et al., by counsel, pursuant to The Federal Rules of Evidence Rule 56, move this Court for Summary Judgment on the issue of liability for unpaid overtime compensation, liquidated damages, attorney fees and interest by Plaintiff, Clementine Washington, for the above styled case, and on the grounds as hereinafter set forth in Plaintiffs' memorandum of law in support.

                                                  **CHARLES CITY MEDICAL GROUP, INC.**
                                                  and
                                                  **LERLA JOSEPH**

                                                  By:_____/S/_____
                                                         Of Counsel

Brent A. Jackson, Esquire (VBS No.)
The Jackson Law Group, PC
406 W. Franklin Street, 2nd Floor
Richmond, Virginia 23220
Phone: (804) 726-6601
Fax:    (804) 726-2999

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLEMENTINE WASHINGTON**

    **Plaintiff,**
    v.                                                                            **CIVIL ACTION No. 3:11CV187**

**CHARLES CITY MEDICAL GROUP, INC.**

and

**LERLA JOSEPH**

    **Defendants,**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiffs, by counsel, and submits this memorandum of law in support of their Motion for Summary Judgment on the issue of liability and states as follows:

### Standard of Review for Summary Judgment

**Rule 56 of the Federal Rules of Evidence states (a) Motion for Summary Judgment or Partial Summary Judgment.** Summary Judgment is authorized if the Movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of Summary Judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. V. Catreet, 106 S.Ct. 2548, 2552 (1996). A party moving for summary judgment "must 'demonstrate the

absence of a genuine issue of material fact,' but need not negate the elements of the non-movant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting <u>Celotex</u>, 106 S.Ct. at 2553-2554). If the moving party meets this burden, Rule 56 (c) requires the non-movant to beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. <u>Id</u>. (citing <u>Celotex</u>, 106 S.Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves <u>v. Sanderson Plumbing Products, Inc.</u>, 120 S.Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the non-movant, "but only when…both parties have submitted evidence of contradictory fact." <u>Little, 37 F.3d at 1075</u>.

### I.      FLSA Relief requested by Plaintiff

Summary Judgment on the issue of liability, for failure to pay overtime compensation, should be granted, because Plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, namely that; (i) Plaintiff was never authorized to work overtime hours, and even if so(ii) Defendant abruptly resigned on May 11, 2011 at which time it was determined that Plaintiff had a total of 11.82 hours for which could be classified as overtime, however this was immediately paid to Plaintiff. (iii) Plaintiff has shown no records or evidence to indicate that she in fact worked and/or was authorized to perform overtime, in fact all records indicate that Plaintiff has been paid for all time worked.  At no time in this litigation have these facts been in dispute. A reasonable jury could not return a verdict for the Plaintiff based on the fact presented which are not in factual dispute. The Plaintiff has not shown through pleadings, affidavits, depositions,

answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. In fact Plaintiffs discovery shows that there is not a "genuine issue for trial". Even in drawing reasonable inferences in favor of the Plaintiff, and it not make credibility determinations or weigh the evidence, the Court could not find any genuine issues for trial. Defendants are entitled to judgment as a matter of law on the issue of liability for failure to pay overtime.

## Material Facts Not in Dispute

On or about April 26, 2007 Plaintiff, Clementine Washington was an employee of Defendants until on or about May 11, 2010. Her salary was Sixteen dollars an hour. On or about May 11, 2011, the Plaintiff resigned, thus ending her employment. Plaintiff filed for unemployment, however said claim was denied (see Defendant's exhibit "C"). Plaintiff now seeks damages for unpaid overtime.

## Issue Presented

The issue before this Court is whether the defendant is entitled to payment for overtime worked, thus allowing monies for liquidated damages, interest and attorney's fees. It is clear from the employment records that the Plaintiff never worked any overtime for which she was not compensated. Plaintiff has not produced any records or affidavits indicating that she worked overtime for which she was not compensated. In fact according to all discovery including Plaintiffs own employment time sheets, she is not entitled to any overtime pay. (see Defendants exhibit "A" and "B") At this time, a ruling on a Motion for Summary Judgment is ripe because there has been, adequate time for discovery and Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial. Celotex Corp. V. Catreet, 106 S.Ct. 2548, 2552 (1996). All discovery, in

this case, presents the Court with no material fact or issue on which to decide. The evidence clearly indicates that Plaintiff was paid for all hours worked and that this "Complaint" is without merit.

Plaintiff claims that she was regularly working in excess of 40 hours per week. However all records indicate that she was not. (see Defendants exhibit "A" and "B") furthermore, there are no records or evidence to indicate that Plaintiff was even granted permission or asked to work overtime hours. Plaintiff also claims that she worked through her lunch hours and was not compensated. Again, all records indicate that this is not correct. Plaintiff claims are without merit and lack material evidence. All Material evidence presented indicates only that Plaintiff was paid for any overtime worked.

Plaintiff argues that an employer may be liable for unauthorized overtime worked by an employee where the employer knew or should have known that work was being done and that plaintiff is not required to prove her overtime with "records", and that in fact she worked her overtime hours "off the clock". Plaintiff testified at her Virginia Employment Commision hearing for which she was seeking unemployment benefits in April 2011, that she "knew that overtime was not allowed at CCMG." (See defendant's exhibit- VEC findings). Plaintiff claims that she is not required to prove her case via records, However the only evidence that would show whether Plaintiff actually worked overtime would be employment records. Her argument that she simply worked hours for which she was not compensated is based on her mere statement, which is obtuse and lacking in actual evidence. Plaintiff, in her interrogatories indicates that "Plaintiff's hours of work in the office are reflected on her timecards." And also that "Plaintiff also worked remotely, from home or from her blackberry, which records are in the possession of Defendants" (see Plaintiff's Responses to Defendants' Interrogatories and Request

for Production #6). Clementine Washington was a salaried employee at CCMG and thus required to punch a time clock. At no time was she given permission to work from home or on weekends. In fact it is policy that no patient information is to be taken home. All records that Plaintiff refers to have been provided and clearly indicate that there are no hours for which Plaintiff has not been compensated. Plaintiff was to start work at 9am, however she was consistently late in punching in her time card. She was thus allowed to start work at 930am, however she continued her tardiness. She was then moved back, to start at 9am., for which she consistently started work late. Plaintiff was "written up" due to her continued tardiness. (see Defendant's exhibit-). Plaintiff was given an hourly schedule by which she could accomplish her duties during designated hours. Plaintiff did not request overtime pay until she abruptly quit in May 2010. It is clear that the Plaintiff was denied unemployment by the Employment Commission and is simply trying another avenue to receive payment, for which she is not entitled. To date Plaintiff has not presented any evidence, written or oral, which would warrant determination by this honorable court. The facts are not in dispute and as a matter of law, Plaintiff is not entitled to compensation or damages.

Plaintiff claims that she "regularly worked in excess of 40 hours per week, and that Defendant Joseph responded that she does not pay overtime and refused to pay Plaintiff the overtime that she was owed to her under FLSA." (Complaint at 9, 12) No evidence to support this claim has been presented. In fact, the evidence that has been presented indicates the opposite. (see Plaintiffs timecards/records exhibit-). Plaintiff also argues that Defendant automatically deducted one hour for lunch every work day, even though plaintiff worked through this lunch hour. (Complaint at 13) All employees at CCMG are required to take a one hour lunch break each day. The employees are to punch in and out consistent with their required hours.

However, Plaintiff consistently failed to follow said policy. She was warned about following said procedure (see Defendant's exhibit – email) All employment records clearly indicate that she was not authorized nor was she uncompensated for any extra hours worked, including any "lunch hours". The Defendant has kept extensive, detailed and comprehensive employment records in reference to the Plaintiffs employment.

Factual controversies are to be resolved in favor of the non-movant, "but only when… both parties have submitted evidence of contradictory fact." Little, 37 F.3d at 1075. All records which have been presented through discovery and this motion clearly show that evidence submitted by both parties, indicates Plaintiff was paid for all hours worked and is not entitled to judgment. Furthermore, at this point in this case, Plaintiff has not presented any evidence that would allow the Court to conclude that there is any facts in dispute.

**WHEREFORE**, the Plaintiffs request that this Court grant their Motion for Summary Judgment on the issue of liability for breach failure to pay overtime hours, for the reasons set forth above and enter judgment in favor of the Plaintiffs.

        **CHARLES CITY MEDICAL GROUP, INC.**
        **and**
        **LERLA JOSEPH**

        By:_____/S/_____
                      Of Counsel

Brent A. Jackson, Esquire (VBS No. 22588)
Brent A. Jackson & Associates, P.C.
406 W. Franklin Street, 2nd Floor
Richmond, Virginia 23220
Phone: (804) 726-6601
Fax:    (804) 726-2999

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of this Plaintiffs' for Summary Judgment and corresponding Memorandum of Law were sent by electronic filing on this 16th day of November, 2011 to all counsel of record as set forth below:

Craig Juraj Curwood
Attorney for Plaintiff
Curwood Law Firm
707 E. Main Street, Suite 1025
Richmond, VA 23219

                                                  /S/
                                          Brent A. Jackson